

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.                                        Criminal No. 2:14cr137-4

BARBARA BING,

                Defendant.

## MEMORANDUM ORDER

This matter comes before the court on the Defendant's Motion to Sever Parties ("Motion"), filed on January 29, 2015, ECF No. 139, pursuant to Federal Rules of Criminal Procedure 8(b) and 14(a). An accompanying Memorandum in Support was filed on the same day. ECF No. 140. The United States filed its Response on February 11, 2015. ECF No. 149. The Defendant filed no reply brief, and the time to do so has expired. The matter is fully briefed and is ripe for review. For the reasons discussed herein, the court **DENIES** the Defendant's Motion.

The Defendant has been named, along with nine co-defendants, in a one hundred five count Indictment filed on October 22, 2014. ECF No. 3. Thus far, four defendants have entered guilty pleas, one has not yet been apprehended, and the Defendant and four other co-defendants are scheduled to appear before this court for a joint jury trial commencing on

May 5, 2015. ECF No. 66. The Defendant specifically has been charged with Count 1, conspiracy to commit health care fraud, Counts 12-14, health care fraud, Counts 44-46, false statements relating to health care matters, Counts 76-78, aggravated identity theft, and Count 101, perjury.

The Defendant seeks to sever her trial from that of her co-defendant, Arlette A. Johnson ("Johnson"), "on the grounds that a joint jury trial would prevent the jury from making a reliable judgment about the guilt or innocence of the Defendant." Mot. at 1. Specifically, the Defendant argues that Johnson has previously been charged with four felony counts of unauthorized use of food stamps and one count of welfare fraud in Circuit Court for the City of Virginia Beach for offenses occurring from July 2011 through June 2014. The Defendant expects the Government to introduce this evidence pursuant to Federal Rule of Evidence 404(b) as evidence of Johnson's prior crimes, wrongs, or other "bad acts" in order to prove intent and knowledge, among other purposes. Def.'s Mem. Supp. at 3. Accordingly, the Defendant argues that the admission of this evidence "will have spillover effect on the Defendant and prevent the jury from making a reliable determination of guilt or innocence as [to] the Defendant." Id.

Federal Rule of Criminal Procedure 8(b) allows multiple defendants to be charged in the same indictment "if they are

alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Barring special circumstances, individuals indicted together should be tried together." United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981). However, if the joinder of defendants in one trial "appears to prejudice a defendant or the government, the court may order separate trials." Fed. R. Crim P. 14(a). The burden is on the moving party, in this case, the Defendant, to show such prejudice, and severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993); United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995) (holding that the party moving for severance "must establish that actual prejudice would result from a joint trial, and not merely that a separate trial would offer a better chance of acquittal"). Such a risk may be present "when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." Zafiro, 506 U.S. at 539.

"The risk of prejudice will vary with the facts in each case," and even where the risk of prejudice is high, "less

drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Id. Thus, even if prejudice is shown, the tailoring of any relief is left "to the district court's sound discretion." Id. at 538-39.

Turning to the facts of this case, the Defendant has not shown that a separate trial is warranted. The Defendant's only argument is that the "spillover" evidence of Johnson's prior wrongs will prejudice the jury against her. Def.'s Mem. Supp. at 3. As the United States correctly notes, such an argument is based on a speculative factual scenario that: (1) the government will seek to introduce this Rule 404(b) evidence against Johnson; (2) the court will grant the government's motion; and (3) this evidence will have a "spillover" effect on the Defendant. United States' Resp. at 6.

Even if the Rule 404(b) evidence is introduced at trial, and admitted, against Johnson, severance is not required simply because the evidence against Johnson may be stronger, or more inflammatory, than the evidence against the Defendant. United States v. Dinkins, 691 F.3d 358, 368-69 (4th Cir. 2012) (denying severance when capital and non-capital defendants were charged in the same indictment). This is particularly true in cases where multiple defendants participated in a single criminal scheme, such as the health care fraud in this case, and thus the majority of the evidence is relevant against all defendants.

4

United States v. Gross, 199 F. App'x 219, 232 (4th Cir. 2006) ("Because [the defendant] was involved in the same overall conspiracy as his co-defendants, it was proper for all of the co-conspirators to be tried together."); United States v. LiCausi, 167 F.3d 36, 49 (1st Cir. 1999) ("[S]ince all three defendants were charged as coconspirators, almost all of the evidence relating to other defendants was relevant to . . . the prosecution's case against [the moving defendant]."); United States v. Searing, 984 F.2d 960, 965 (8th Cir. 1993) ("In the context of conspiracy, severance will rarely, if ever, be required.").

The Defendant relies on one case in support of her Motion: United States v. Jones, 839 F.2d 1041 (5th Cir. 1988). In Jones, the Court of Appeals for the Fifth Circuit found that "where evidence is admitted indicating that a co-defendant has committed a serious crime unrelated to the present charge and the other defendant, the spillover effect of such evidence may create a risk of prejudice requiring severance." Id. at 1056. However, the court in Jones then went on to state that "where it is likely that a properly instructed jury would contain the effect of such evidence and apply it only against the culpable party, denial of severance is not an abuse of discretion." Id.

Thus, in this case, if the United States moves to introduce the Rule 404(b) evidence against Johnson, if the court allows

5

the evidence to be admitted, and if the evidence prejudices the Defendant, any prejudice may be cured by a properly crafted jury instruction, specifically restricting the jury's consideration of the evidence against Johnson only. See, e.g., Zafiro, 506 U.S. at 539; Dinkins, 691 F.3d at 368 (approving the use of limiting jury instructions to minimize any risk of prejudice); United States v. Naijar, 300 F.3d 466, 475 (4th Cir. 2002) ("To the extent there was any actual prejudice suffered by [the defendant] . . . we think that the district judge cured such conflict by proper limiting instructions.").

The Defendant's Motion to Sever is **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for the Defendant and the United States Attorney at Norfolk.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

March 2 , 2015